UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JOHN BRILEY | CIVIL ACTION NO. 3:14-cv-0591 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| STATE OF LOUISIANA | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Pro se petitioner John Briley filed the instant petition for habeas corpus pursuant to 28 U.S.C. §2241 on March 14, 2014. When he filed his petition he was a detainee in the custody of the Sheriff of Ouachita Parish. He was being detained at the Ouachita Correctional Center (OCC) pending trial on charges of shoplifting filed by the West Monroe Police Department. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE.**

*Background*

On March 5, 2014, plaintiff was arrested and charged with theft by shoplifting. He was booked into the OCC on that same date.

In a *pro se* pleading signed on March 11, 2014, and received and filed on March 14, 2014, plaintiff prayed for "his immediate release" from custody. [Doc. 1] His *habeas* petition was construed as arising under 28 U.S.C. §2241 since he was contesting his pre-trial detention and not a conviction. On March 28, 2104 he submitted an amended petition using the form provided to prisoners in this district seeking habeas corpus relief pursuant to Section 2241. Therein he alleged that he was the victim of an unlawful arrest, that he was actually innocent of

the charges filed against him, and that he was denied the right to post bond as well as his right of access to the Courts. He prayed for an immediate hearing and his release from custody. [Doc. 5] On the same day he submitted a pleading entitled "Part Two Application Writ of Habeas Corpus and/or Supplemental Petition" requesting "relief consistent with all papers relating to this document and pleadings in this cause." [Doc. 6] On the same date he submitted copies of pleadings he attempted to file in the Fourth Judicial District Court on March 14, 2014, which were apparently rejected by the Ouachita Parish Clerk of Court with the notation, "Cannot file. No case against you." [Doc. 8][1]

Petitioner applied to proceed *in forma pauperis* and on April 14, 2014 he was granted *ifp* status. On April 24, 2014, petitioner was apparently released from custody.[2]

*Law and Analysis*

*1. Exhaustion Requirement*

When he filed this petition, petitioner was a pre-trial detainee challenging pending Louisiana state court criminal prosecutions. His *habeas* petition was properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to persons in custody awaiting trial

---

[1] On March 25, 2014, petitioner filed another *pro se* petition for writ of *habeas* corpus in this Court. That matter was assigned Civil Action Number 3:14-cv-0642. Therein petitioner alleged that his arrest and detention were unlawful and he requested an injunction staying the State prosecution and any action by the State relative to the seizure of his personal property. [Doc. 1] Thereafter, on April 9, 2014, he submitted a petition for *habeas corpus* on the form provided to State prisoners seeking relief pursuant to 28 U.S.C. §2254. Therein he complained of being "wrongfully profiled, detained, bail enhanced, enhanced charged offense, denial of bail..." and implied that his custody in Louisiana was directly related to false charges filed against him in Missouri, which in turn were the result of identity theft. He prayed for a court order changing petitioner's name and providing a new Social Security Number. [Doc. 5]

[2] See Ouachita Correctional Center Bookings, Inmate Summary – Briley, John Barry at http://www.opso.net/bookings/

who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987)("Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.' Pretrial petitions are properly brought under §2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'"); and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise under 28 U.S.C. s 2241(c)(3), allowing the writ of *habeas corpus* to petitioners 'in custody in violation of the Constitution,' rather than under 28 U.S.C. s 2254(a), which requires that custody be 'pursuant to the judgment of a state court.'")

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established. A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225; *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982);

*Picard*, 404 U.S. 270.

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, the jurisprudence requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Petitioner admits that he has not exhausted State court remedies, however, he suggests that such remedies are unavailable. This claim is dubious at best. It appears that the Fourth Judicial District Court rejected his pre-trial pleadings, including his petition for habeas corpus, however, petitioner did not thereafter seek the supervisory jurisdiction of the appropriate Court of Appeals and then the Louisiana Supreme Court. Having been thwarted at the District Court level does not establish either exhaustion of State court remedies or the absence of same.[3]

---

[3] Even if petitioner could establish the absence of State corrective process, he would still not be entitled to relief herein.

Under Article III of the Constitution federal courts may only adjudicate actual, ongoing controversies. *Nebraska Press Assn v. Stuart*, 427 U.S. 539, 546 (1976); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). The fact that some dispute between the parties was viable when suit was filed cannot substitute for the actual case or controversy required for a court to exercise jurisdiction. *Steffel v. Thompson*, 415 U.S. 452, 459, n. 10 (1974); *Roe v. Wade*, 410 U.S. 113, 125 (1973). A case is deemed moot when there is no longer a case or controversy. *DeFunis v. Odegard*, 416 U.S. 312, 316 (1974).

Therefore,

**IT IS RECOMMENDED** that this *habeas corpus* petition (28 U.S.C. §2241) be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available State court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame**

---

In this proceeding, petitioner has always and only prayed for his immediate release from custody. For purposes of assessing the likelihood that state, parish, or municipal authorities will re-inflict a given injury, the United States Supreme Court has generally been unwilling to assume that the party seeking relief will repeat the type of conduct that would once again place him or her at risk of that injury. *See Los Angeles v. Lyons*, 461 U.S. 95, 105-106 (1983) (no threat that party seeking injunction barring police use of choke-holds would be stopped again for traffic violation or other offense, or would resist arrest if stopped); *Murphy v. Hunt*, 455 U.S. 478, 484 (1982) (no reason to believe that party challenging denial of pretrial bail "will once again be in a position to demand bail"); *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974) (unlikely that parties challenging discriminatory bond-setting, sentencing, and jury-fee practices would again violate valid criminal laws).

In this case, there is no reason to believe petitioner will be rearrested by the West Monroe Police Department and thereafter incarcerated on the ship lifting charges filed on March 5, 2014. It thus appears that his habeas petition is moot. The only relief petitioner sought, release from custody, cannot be granted because he has already been released.

authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Chambers, Monroe, Louisiana, April 28, 2014.

*(signature)*

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**