UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

JOHN BRILEY                        CIVIL ACTION NO. 14-0591

VERSUS                             SECTION P

                                   JUDGE ROBERT G. JAMES

STATE OF LOUISIANA                 MAGISTRATE JUDGE KAREN L. HAYES

MEMORANDUM RULING

Pending before the Court is the April 28, 2014 Report and Recommendation [Doc. No. 12] of  Magistrate Judge Hayes which recommends dismissal of Petitioner's original Petition for Writ of *Habeas Corpus* (28 U.S.C. §2241) for failing to exhaust available State court remedies.[1]

Petitioner did not object to the Report and Recommendation.  However, on May 23, 2014, he filed an Amended Petition for Writ of *Habeas Corpus* attacking a detainer issued by the State of Arkansas and requesting a stay of  "all State proceedings in this matter including extradition of petitioner to the State of Arkansas."[2]  Petitioner was extradited to Arkansas after he prepared his amended petition, but before it was received and filed by the Clerk of Court.  *See*

---

[1]As noted therein, when Petitioner filed the original Petition, he was a pre-trial detainee in the Ouachita Corrections Center awaiting trial on shoplifting charges; he prayed for his immediate release from custody; however, the pleadings and exhibits clearly established that he failed to exhaust available State court remedies prior to filing suit.

[2] He also reiterated a claim advanced in a still pending civil rights action concerning the wrongful seizure of his personal property.  *See Briley v. West Monroe, et al.*, Civil Action No. 14-0713.  That claim is subject to dismissal as duplicative.

[Doc. Nos. 14-15][3]

The Amended Petition for *Habeas Corpus* filed on May 23, 2014 [Doc. No. 14] seeks a stay of the Arkansas extradition proceedings. Under Article III of the Constitution, federal courts may only adjudicate actual, ongoing controversies. *Nebraska Press Assn v. Stuart*, 427 U.S. 539, 546 (1976); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). The fact that some dispute between the parties was viable when suit was filed cannot substitute for the actual case or controversy required for a court to exercise jurisdiction. *Steffel v. Thompson*, 415 U.S. 452, 459, n. 10 (1974); *Roe v. Wade*, 410 U.S. 113, 125 (1973).  A case is deemed moot when there is no longer a case or controversy.  *DeFunis v. Odegard*, 416 U.S. 312, 316 (1974).  Petitioner's attack on the Arkansas detainer and extradition are moot and dismissal on that basis is appropriate. Further, to the extent that Petitioner seeks declaratory and injunctive relief with regard to his unlawful seizure of personal property claim, that claim is duplicative of the claim pending in this Court under Docket Number 3:14-0713 and dismissal on that basis is appropriate.

Therefore, for the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein [Doc. No. 12], determining that the findings are correct under the applicable law, original Petition for Writ of *Habeas Corpus* [Doc. Nos. 1 and 5] is **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available State court remedies, and the Amended Petition for Writ of *Habeas Corpus* [Doc. No. 14] is **DISMISSED** as moot and

---

[3] On June 3, 2014, Petitioner, who was by then a prisoner in the custody of the Arkansas Department of Corrections, filed two petitions for *habeas corpus* in the United States District Court for the Eastern District of Arkansas.  *See Briley v. Hobbs*, No. 5:14-cv-0221 and *Briley v. Missouri*, No. 5:14-cv-0222. The former suit attacked the on-going proceedings in Arkansas and the latter attacked as unlawful a detainer placed by the State of Missouri. Both suits remain pending at this time.

duplicative.

**MONROE, LOUISIANA,** this 1st day of August, 2014.


**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**